UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARRETT GRAVES,<br>  Plaintiff<br><br>v.<br><br>CHUBB & SON,<br>A Division of Federal Insurance Company,<br>  Defendant | CIVIL NO. 3:12-CV-00568 (JCH)<br><br><br><br>October 20, 2014 |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING CLAIMS PRIOR TO JANUARY 18, 2010 AND THIS COURT'S ORDER REGARDING LIQUIDATED DAMAGES**

In this case alleging misclassification under federal wage law, Defendant Chubb & Son, a division of Federal Insurance Company ("Chubb") seeks to preclude introduction of (a) evidence relating to the time period prior to January 18, 2010 because such matters are outside the relevant statute of limitations; and (b) evidence of this Court's summary judgment determination that Chubb did not establish "good faith" when classifying Plaintiff's position, because such evidence is irrelevant to the jury's inquiry and would likely confuse jurors as to what issues they must decide.

   **I.  BACKGROUND**

Plaintiff Graves filed this lawsuit on April 16, 2012, alleging violations of the FLSA and Connecticut law. (Dkt. 1.) That complaint is devoid of allegations that Chubb either knew or showed reckless disregard for whether its conduct of classifying Plaintiff as exempt was prohibited by the FLSA. (Dkt. 1.) In other words, the complaint did not allege a "willful" FLSA violation. Four months later, Plaintiff amended his complaint for the first time. (Dkt. 17.) Once

again, the complaint was devoid of allegations of a "willful" violation of the FLSA. (Dkt. 17.) The parties conducted discovery based on the allegations made in the operative complaint. Five months later—and approximately ***nine months*** after plaintiff had filed his original complaint—Plaintiff secured new counsel and moved to amend the complaint to add various allegations, including allegations of a willful violation under the FLSA. (Dkt. 34.)

## II. ANALYSIS

### A. This Court Should Exclude Evidence Prior To January 18, 2010, Because That Time Period Is Outside The Statute Of Limitations And Not Relevant.

Plaintiff's April 16, 2012 complaint alleged overtime claims under the FLSA and Connecticut wage statutes. (Dkt. 1.) The statute of limitations for an FLSA claim is two years. *See* 29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988) ("Ordinary violations of the FLSA are subject to the general 2-year statute of limitations."). Similarly, the statute of limitations for a Connecticut wage claim is two years. *See* Conn. Gen Stat § 52-596. Thus, based on the allegations in the complaint and first amended complaint, the relevant time period for Plaintiff's claim was April 16, 2010 until December 15, 2010, the time Plaintiff ceased working for Chubb.

On January 18, 2013, Plaintiff moved to amend his complaint a second time whereby he asserted allegations of willful FLSA violations, which have the potential three year look-back period. (Dkt. 34.) The three year look-back period should commence, if at all, on January 18, 2013, the date of Plaintiff's motion to amend, not the date of the original complaint or first amended complaint. Relation back of an amended pleading is proper only when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c). In making this

determination, "the pertinent inquiry . . . is whether the original complaint gave the defendant fair notice of the newly alleged claims." *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 815 (2d Cir. 2000) (citing *Wilson v. Fairchild Republic Co.*, 143 F.3d 733, 738 (2d Cir.1998)).

In an analogous situation, another federal court in this circuit held that a plaintiff's "willful" allegations in an FMLA case did not "relate back" to the claims in the original complaint because the "[t]he original complaint is devoid of allegations of substandard notice" required for a willful allegation. *Higgins v. NYP Holdings, Inc.*, 836 F.Supp.2d 182, 192 (S.D.N.Y.2011). Similarly, here, the original and first amended complaints are devoid of allegations that Chubb either knew or showed reckless disregard for an alleged FLSA violation. Thus Plaintiff failed to give Chubb fair notice of the newly alleged claims, including the potential extension of the claims back as far as 2009. Notably, Chubb did not plead any affirmative defense regarding the "willfulness" issue in its answer to the original or first amended complaint. (Dkts. 11, 20.) Chubb pled such an affirmative defense only after the second amended complaint. (Dkt. 39, Sixth Defense.)

"Willful violations of the FLSA are distinct from non-willful violations in that a willful FLSA violation allows the plaintiff to recover three years of damages." *Spady v. Wesley Coll.*, Civ. A. 09–834, 2010 WL 3907357, at *4 (D.Del. Sept. 29, 2010). An employer can be found to have violated the FLSA and not committed a "willful" violation. *See, e.g. Richardson v. Costco Wholesale Corp.*, 169 F.Supp2d 56, 60 (D. Conn 2001) (dismissing plaintiff's claims prior to certain time period because "Plaintiffs make no attempt to assert" willful violations). An employer willfully violates the FLSA—and thereby extends the statute of limitations to three years—only when a plaintiff alleges and proves that the company "either knew or showed reckless disregard" for the alleged violation. *McLaughlin,* 486 U.S. at 141.

The willfulness issue arises out of "conduct, transaction, or occurrence" separate from the underlying violation. Indeed, the evidence used to establish whether there is an FLSA violation and the evidence used to establish whether any underlying violation is "willful" is also distinct. For approximately nine months, however, the Parties engaged in discovery regarding the allegations in Plaintiff's original and first amended complaint, neither of which included any willful allegations. The evidence used to establish whether Plaintiff is an exempt employee includes evidence demonstrating "[h]ow [Plaintiff] spent his days and what his job duties were." *See Graves*, 2014 WL 1289464, *4. The FLSA regulations make clear that whether Plaintiff is exempt will "be resolved by examining the employees' actual job characteristics and duties." *Myers v. Hertz Corp.*, 624 F.3d 537, 548 (2d Cir.2010). Conversely, the evidence used to determine whether any violation is "willful" will be evidence related to the company's state of mind regarding Plaintiff's classification. This inquiry is distinct, and "[w]hether or not a violation of the FLSA is 'willful' is a fact-intensive inquiry . . . ." *Goodman v. Port Auth. of N.Y. & N.J.*, 850 F.Supp.2d 363, 381 (S.D.N.Y.2012). Moreover, the burden remains with Plaintiff to show willfulness. *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir.1999).

Plaintiff did not give fair notice in the original or amended complaint of an allegedly "willful" violation. Plaintiff did not give fair notice of the allegedly "willful" violations until Plaintiff moved to amend the Complaint a second time on January 18, 2013. Consequently, the relevant time period should be, at most, from January 18, 2010 until December 15, 2010, and Plaintiff should be precluded from offering evidence regarding his job duties or hours worked for the time frame prior to January 18, 2010 because that time is outside the relevant statute of limitations.

### B. This Court Should Exclude Evidence Of This Court's Order That Chubb Failed To Establish "Good Faith" Because Such Evidence Would Likely Cause Juror Confusion.

This Court ruled on Plaintiff's summary judgment motion that Chubb had failed to meet its burden of proving "good faith" for its classification of Plaintiff. *See Graves v. Chubb & Son, Inc.*, 2014 WL 1289464, *9 (D. Conn. Mar. 31, 2014). This Court also held, however, that there were "disputed issues of material fact" as to whether Plaintiff was properly classified as exempt. *See id.* at *4. The issue of whether Chubb established "good faith" to avoid liquidated damages is irrelevant to any inquiry that will be submitted to the jury at trial, and also the issue is distinct from whether there is any FLSA violation at all. *See id.* at *9 ("To the extent Chubb is liable to Graves for unpaid overtime wages, it will be liable for liquidated damages in an additional amount equal to such wages."). A juror, however, would likely experience confusion if reference were made to the Court's "good faith" determination and could assume that the Court's prior ruling is related to or is dispositive of the issue of whether Graves was exempt.

In addition, a juror would likely suffer from confusion and, upon hearing of the Court's determination of "good faith," assume that it must follow that Chubb committed a "willful" violation of the law. In fact, other federal courts have noted that "there is some confusion in the distinction between a willful violation and a good faith defense." *Spires v. Ben Hill County*, 745 F.Supp. 690, 707 (M.D.Ga.1990). Notably, even federal courts conflate the legal standards in FLSA cases on the issue of willfulness and good faith. *See Stokes v. BWXT Pantex, L.L.C.*, 424 Fed. App'x 324, 325-26 (5th Cir.2011) (vacating district court's order on whether violation was "willful" issue because "district court applied the incorrect legal standard and misplaced the burden of proof"). Any mention of, or evidence regarding, this Court's order that Chubb failed to establish "good faith" for its classification will unduly prejudice Chubb to the extent that it

5

will signal to the jury that the Court already has determined that Chubb committed a willful—or any—violation of the law.  Consequently, this Court should preclude any such evidence, argument, or testimony regarding its summary judgment order regarding Chubb's good faith defense.

### III. CONCLUSION

For the foregoing reasons, the Court should grant Defendant's motion in limine to exclude evidence.

                      DEFENDANT,
                      CHUBB & SON,
                      A Division of Federal Insurance Company

By: */s/ Victoria Woodin Chavey*
     Victoria Woodin Chavey (ct14242)
     David R. Golder (ct27941)
     Jackson Lewis P.C.
     90 State House Square, 8th Floor
     Hartford, CT  06103
     Tel. (860) 522-0404
     Fax (860) 247-1330
     victoria.chavey@jacksonlewis.com
     golderd@jacksonlewis.com

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been sent via email this 20th day of October 2014 to all counsel of record as follows:

        Richard E. Hayber
        Margaret B. Ferron, Esq.
        The Hayber Law Firm, LLC
        221 Main Street, Suite 502
        Hartford, CT  06106
        rhayber@hayberlawfirm.com
        mferron@hayberlawfirm.com


        */s/ Victoria Woodin Chavey*
        Victoria Woodin Chavey